IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:26-CR-12 |
| | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | United States Magistrate Judge |
| | ) | |
| RYAN RICHARD NIES | ) | MEMORANDUM ORDER |
| | ) | |
| | ) | RE ECF NO. 26 |

Pending before the Court is Defendant's Motion to Modify Conditions of Pretrial Release (ECF No. 26). For the following reasons, Defendant's Motion to Modify will be GRANTED.

BACKGROUND

On April 14, 2026, a federal Grand Jury returned a nine-count indictment charging Defendant Ryan Richard Nies with Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor in violation of 18 U.S.C. 2252(a)(2) and 18 U.S.C. 2252(b)(l) (Cts. 1-8), and Possession of and Access with Intent to View Material Depicting the Sexual Exploitation of a Minor in violation of 18 U.S.C. 2252(a)(4)(B) and 18 U.S.C. 2252(b)(2). On April 22, 2026, the Court released Defendant on a $10,000 unsecured bond and conditions of pretrial release that included special condition no. 7(g), which directed, among other things, that Defendant have "no direct or indirect contact with any minor except in the presence of an adult approved in advance by pretrial services who is aware of the instant federal offenses." *See* ECF No. 13. Defendant has moved to modify

his Conditions of Release to permit him permission to have unsupervised contact with his infant son with whom he resides. Defendant and his wife are also expecting the birth of Defendant's second child. Defendant similarly requests permission to have unsupervised contact with his second child upon his or her birth.

## DISCUSSION

The United States Court of Appeals for the Third Circuit has not addressed whether or under what circumstances a condition of pretrial release restricting unsupervised contact with minors can properly be applied to a criminal defendant's own children. The Court of Appeals has, however, considered the issue in the context of a supervised release condition imposed after sentence. In *United States v. Loy*, the Court held that absent a clear expression from the district court, a supervised release condition comparable in substance to the one imposed in this case "should be construed to apply only to other people's children, and not to [a defendant's] own." 237 F.3d 251, 270 (3d Cir. 2001). *See also United States v. Mizwa*, 345 Fed. Appx. 834, 837 (3d Cir. 2009) (noting that under *Loy*, absent a clear sign from the district court, a condition that restricts a defendant's contact with minors is construed to apply only to other people's children, not the defendant's own children). If special condition 7(g) applied to Defendant's own children, it would implicate his constitutional right to maintain his familial relationship

with his children. *See Quilloin v. Walcott*, 434 U.S. 246, 255 (1978); *Gruenke v. Seip*, 225 F.3d 290, 303 (3d Cir. 2000); *United States v. Hobbs*, 710 F.3d 850, 853–55 (8th Cir. 2013). If so applied, the condition must be supported by evidence and findings that the restriction is reasonably necessary for the protection of the children. *See United States v. Voelker*, 489 F.3d 139, 155 (3d Cir. 2007).

In *Voelker*, the Court of Appeals directed that a district court "should proceed cautiously in imposing any condition that could impact [a defendant's] parental rights absent sufficiently reliable supporting evidence." *Id.* Specifically, such a condition must be based upon evidence that it is reasonably necessary for the safety of the defendant's child. *Id. See also United States v. Arzberger*, 592 F. Supp. 2d 590, 605–06 (S.D.N.Y. 2008) ("Conditioning pretrial release on the relinquishment of constitutionally protected rights in circumstances where the conditions are not necessary to satisfy legitimate governmental purposes would constitute excessive bail in violation of the Eighth Amendment."). Indeed, several courts have found that restrictions on a criminal defendant's association with his or her own children as a condition of supervised release are subject to strict scrutiny. *See, e.g.*, *Henry v. Abernathy*, 647 F. Supp. 3d 1235, 1249 & n.7 (M.D. Ala. 2022); *United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014) (distinguishing between general restrictions on contact with children and restrictions on contact with the

defendant's own children, the latter of which is "subject to stricter scrutiny"); *United States v. Davis,* 452 F.3d 991, 995 (8th Cir. 2006); *United States v. Del Valle-Cruz*, 785 F.3d 48, 51–52, 62–63 (1st Cir. 2015); *United States v. Worley*, 685 F.3d 404, 408 (4th Cir. 2012).

Whether viewing and sharing of CSAM materials correlates to a risk of child sexual abuse has been the subject of much debate. *See United States v. C.R.*, 792 F. Supp. 2d 343, 375–76 (E.D.N.Y. 2011) (in-depth discussion of the absence of "[r]eliable empirical evidence" on the "persistent concern[] that observing child pornography might lead viewers to themselves sexually abuse children in the future"), *vacated and remanded sub nom. United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013); *United States v. R.V*, 157 F. Supp. 3d 207, 237 (E.D.N.Y. 2016) (lengthy discussion of debated "connection between child pornography consumers and child molesters"); *United States v. Cruikshank,* 667 F. Supp. 2d 697, 700 (S.D. W.Va. 2009) ("a link has not been sufficiently established" between "a viewer of child pornography" being "more likely to physically abuse a child. . . . Simply because pedophiles often collect child pornography does not compel the conclusion that a possessor of such pornography will become a pedophile") (citing Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines 31–33,* July 3, 2008, http://www.fd.org/odstb_Sentencing_Resource3.htm (discussing studies)); *United States v. Marshall*, 870 F. Supp. 2d 489, 492 (N.D. Ohio 2012) ("Empirical data strongly suggests that viewing child porn does not equate to child

molestation.") (citing Melissa Hamilton, *The Efficacy of Severe Child Pornography Sentencing: Empirical Validity or Political Rhetoric?*, STAN. L. & POL'Y REV. 545, 557 (2011) (citing Federal Justice Statistics Resource Center)), *aff'd*, 736 F.3d 492 (6th Cir. 2013). As the foregoing authorities reflect, courts have not identified any expert consensus or empirical data to support a judicial finding that viewing child pornography indicates a heightened risk of child sexual abuse. The record in this case likewise includes no evidence that Defendant's viewing of CSAM materials presents an increased risk of child sexual or other abuse or neglect, and Defendant's criminal record includes no reports of such misconduct. Given this, Defendant's possession of the CSAM materials alone does not support a finding that allowing unsupervised contact with his children would present a danger to them. The record includes no other evidence upon which the Court could reasonably extend special condition no. 7(g) to Defendant's own children.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Modify Conditions of Pretrial Release and hereby modifies special condition 7(g) to apply only to other people's children and not to Defendant's own children.

SO ORDERED, this 15th day of October, 2026.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE